UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JIM WALTER RESOURCES, INC.,   ] | |
| ] | |
| Plaintiff,   ] | |
| ] | |
| vs.   ] | 7:05-CV-01338-LSC |
| ] | |
| DOWNARD LONGWALL, INC., *et al.*,   ] | |
| ] | |
| Defendants.   ] | |

MEMORANDUM OF OPINION

I.  Introduction.

The Court has for consideration Plaintiff Jim Walter Resources, Inc.'s ("JWR") Motion to Reconsider (Doc. 87), which was filed on February 4, 2008.  On January 16, 2008, this Court granted Downard Hydraulics, Inc.'s ("Hydraulics") motion for summary judgment,[1] and granted in part and denied in part Downard Longwall, Inc.'s ("Longwall") motion for summary judgment.[2]  (Doc. 84.)  Plaintiff's Motion to Reconsider the granting of

---

[1] Plaintiff's Motion to Reconsider does not seek relief from this Court's grant of Summary Judgment in favor of Hydraulics.

[2] The Court incorporates the facts and standard for summary judgment as set forth in the January 16 2008 memorandum of opinion.

summary judgment is directed toward the Court's conclusion that there will be no recovery for incidental, consequential, or special damages.  The motion has been briefed and is ready for consideration.  For the reasons set forth below, JWR's Motion to Reconsider is denied.

II.     Discussion.

A post-judgment motion may be treated as made pursuant to either Federal Rules of Civil Procedure 59 or 60, depending on the type of relief sought.  *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).  Here, the relief sought is the setting aside of the grant of summary judgment.  Thus, it is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the judgment.  *Mays*, 122 F.3d at 46.  Rule 59(e) of the Federal Rules of Civil Procedure provides that a party may move a court to alter or amend a judgment by filing a motion within ten days of the entry of the judgment.  Fed. R. Civ. Pro. 59 (2007).

The decision to alter or amend a judgment is left to the sound discretion of the district court.  *See O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir. 1992); *see Mays,* 122 F.3d at 46 (stating that the denial of a

Rule 59 motion will not be overturned absent abuse of discretion). In the interests of finality and conservation of judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000).

Courts have recognized three grounds for granting a Rule 59 motion including "[1] newly-discovered evidence, [2] manifest errors of law or fact," and (3) "an intervening change in controlling law." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *Summit Med. Center of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)(citing *Groover*, 90 F. Supp. 2d at 1256); *see also F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)("Motions under Rule 59(e) must clearly establish a manifest error or present newly discovered or previously unavailable evidence."). A motion to reconsider may not be used to relitigate old matters or "to raise legal arguments which could, and should, have been made before the judgment was issued." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998); *see also O'Neal*, 958 F.2d at 1047; *F.D.I.C.*, 978 F.2d at 16 (stating that Rule 59 motions may not be used to argue a new legal theory, to reargue the

motion, or to present evidence which should have been raised before); *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)("There is a significant difference between pointing out errors in a court's decision on grounds that have already been urged before the court and raising altogether new arguments on a motion to amend; if accepted, the latter essentially affords a litigant 'two bites at the apple.'"). A denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation. *Mays*, 122 F.3d at 46 (citations omitted).

In this case, Plaintiff's request for the Court to reconsider the grant of summary judgment is due to be denied for three reasons. First, a Rule 59 motion "shall be filed no later than 10 days after the entry of judgment." FED. R. CIV. P. 59(e). A court must exclude intervening Saturdays, Sundays, and holidays when calculating a ten-day filing period. *See* FED. R. CIV. P. 6(a)(2)(2007); *Wells v. Cramer*, 2008 WL 110088, at *1 (11th Cir. Jan. 11, 2008). The Court entered its summary judgment order on January 16, 2008. Excluding intervening Saturdays, Sundays, and the Martin Luther King holiday, Plaintiff had until January 31, 2008 to file a timely motion.

Plaintiff's motion for reconsideration was not filed until February 4, 2008. Therefore, Plaintiff has failed to file its motion to reconsider within the appropriate filing period.

Even assuming, without deciding, that the motion to reconsider was timely filed, Rule 59 relief is nevertheless inappropriate. In its motion for reconsideration, Plaintiff asserts that if a limitation of remedies fails of its essential purpose, a buyer can recover damages outside the limitation of remedies. In addition, Plaintiff contends that if the seller does not provide goods which conform to the contract within a reasonable time, the limitation of remedies fails. Plaintiff argues that the limitation of remedies failed in this case and that it is therefore entitled to recover consequential damages resulting from Seller's breach. However, none of Plaintiff's arguments are properly asserted in a motion for reconsideration. A motion to reconsider is only available when the moving party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Plaintiff has failed to meet the standard employed on review of a motion for reconsideration because none of these criteria are present in this case.

Plaintiff even stated, in its brief, that the Court took note of the fact that "a limitation of remedies to repair or replace goods fails in its essential purpose if the Seller does not provide goods which conform to the contract within a reasonable time." (Doc. 87 at ¶ 2; Doc. 84 at 28.)  Plaintiff's motion amounts to nothing more than rehashing arguments that either were or could have been made in previous briefs.  *See Arthur*, 500 F.2d at 1343.  As such, these arguments do not support the alteration or amendment of the summary judgment order.

Further, the merits of Plaintiff's motion for reconsideration do not support a reconsideration of the granting of summary judgment.  While Plaintiff argues that it is entitled to consequential damages since the limitation of remedies failed of its essential purpose, Plaintiff fails to present evidence as to how the proposed remedy failed.  Plaintiff argues that Longwall failed to provide goods which conformed to the contract, and that a remedy to repair or replace goods therefore fails.  However, Plaintiff does not cite evidence that Longwall could not repair or replace the goods as to make the goods conform to the contract thereby providing an adequate remedy to Plaintiff.  With regard to providing the goods within a reasonable

time, Plaintiff argues that its representatives were promised the valves by the end of 2003, and that a series of alleged delays caused the goods not to be provided within a reasonable time.  However, Plaintiff fails to point to any evidence that where Longwall promised the valves would be delivered by the end of 2003,[3] or that the alleged delays caused the valves not to be provided within a reasonable time constituting a failure of the limitation of remedies.  Moreover, Plaintiff fails to take into account the contract provision upon which the Court based its determination that JWR was not entitled to special, consequential, or incidental damages.  While Plaintiff does note that the limitation of remedies provision in Longwall's Terms and Conditions conflicted with the warranty provision in its Terms and Conditions thereby knocking out both provisions, Plaintiff fails to address the limitation of damages provision which was made a part of the contract.  Longwall's Terms and Conditions provided for a limitation of damages, stating that the provisions in its Terms and Conditions "are in lieu of all tort liability, all

---

[3]Plaintiff points to e-mail transmissions between Don Downard and Ranier Schulz-Heiming, which discuss the shipment of two valves to EXAM not JWR. (Doc. 87 Ex. B.) However, this e-mail does not state that JWR is to receive the goods by the end of 2003 or that any alleged delays caused the goods not to be provided within a reasonable time. *Id.*

other obligations and liabilities, and all warranties of merchantability or otherwise, express or implied." However, JWR's terms were silent on this issue. Since JWR's terms and conditions are silent as to consequential, incidental, or special damages, these terms do not conflict and the exclusion of such damages constitutes a part of the contract, indicating that JWR cannot recover such damages.[4] *See Rotorex Co., Inc. v. Kingsbury*, 42 F. Supp. 2d 563 (D. Md. 1999)(where Kingsbury's terms and conditions excluded consequential damages, and Rotorex's terms and conditions were silent, court held that regardless of the fact that other terms conflicted, the exclusion of consequential damages prevailed since Rotorex's terms were silent as to this matter). Alabama law upholds provisions containing a limitation of damages; therefore, Plaintiff cannot recover special, incidental, or consequential damages. *See* Ala. Code § 7-2-719(1)(a)(1975);

---

[4]When an offer contains an express term and the acceptance does not contain a related term, the acceptance constitutes an acceptance of the offer's term. *See* 1 WHITE & SUMMERS, UNIFORM COMMERCIAL CODE § 1-3 (5th ed. 2007); *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 295 (7th Cir. 2002)(where there was a term concerning modification in the acceptance, the offeree's silence is not viewed as a rejection but rather as an acceptance of the term); *Idaho Power Co. v. Westinghouse Elec. Corp.*, 596 F.2d 924, 927 (9th Cir. 1979)(where Westinghouse's offer stated that it would not be liable "for special, indirect, incidental, or consequential damages" and Idaho Power's purchase order was silent as to this limitation, court held that the disclaimer of such damages was part of the contract).

*Fleming Farms v. Dixie Ag Supply, Inc.*, 631 So. 2d 922, 925 (Ala. 1994); *Puckett, Taul & Underwood, Inc. v. Schreiber Corp.*, 551 So. 2d 979, 983 (Ala. 1989)("[c]ommercial parties may contract freely to limit the remedies available to them").

Therefore, the Court concludes that Plaintiff's motion is due to be denied.

III.   Conclusion.

For the reasons stated above, JWR's motion to reconsider is due to be denied. A separate order in conformity with this opinion will be entered.

Done this 27th day of February 2008.

                              L. SCOTT COOGLER
                        UNITED STATES DISTRICT JUDGE
                                                                       151731